**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RYAN MAYIRAS, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:24-cv-00904-VM |
| Plaintiff, | |
| v. | |
| HUT 8 CORP., JAIME LEVERTON, and SHENIF VISRAM, | |
| Defendants. | |
| MARK LATINO, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:24-cv-01636-VM |
| Plaintiff, | |
| v. | |
| HUT 8 CORP., JAIME LEVERTON, and SHENIF VISRAM, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF ALIZAY SAEED'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS <u>LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL</u>**

Alizay Saeed ("Saeed") respectfully submits this memorandum of law in support of her motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq* (the "PSLRA") for an Order: (1) consolidating the above-captioned related actions; (2) appointing Saeed as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Saeed's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of all persons or entities that purchased or otherwise acquired Hut 8 Corp. ("Hut 8" or the "Company") securities between November 9, 2023 and January 18, 2024, inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the most adequate plaintiff—*i.e.* the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. The PSLRA also provides a presumption that the movant with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is the "most adequate plaintiff."

Saeed believes that she is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on her financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Saeed satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as her claims are typical of other class members' claims and she is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Saeed respectfully submits that she is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

1

Additionally, Saeed's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.   FACTUAL BACKGROUND[1]

Hut 8 is a crypto currency and data mining company. The Company is engaged in Bitcoin mining and hosting, managed services, energy arbitrage, and operating traditional data centers. The Company operates computing infrastructure which mines Bitcoin and delivers computing services to enterprise customers.

The complaints filed in this action allege that, throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that one of USBTC's largest shareholders is an undisclosed related party; (2) that USBTC's core asset has historically failed to provide energy and high-speed internet; (3) that the profitability of certain USBTC assets were overstated; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

In November 2023, Hut 8 formed following the merger of Hut 8 Mining Corp. ("Legacy Hut") and U.S. Data Mining Group, Inc. d/b/a US Bitcoin Corp. ("USBTC") (the "Merger"). USBTC held a 50% interest in a joint venture bitcoin mining facility, located in King Mountain, Texas (the "King Mountain JV"), which was acquired in the Merger.

On January 18, 2024, at approximately 10:30 AM EST, J Capital Research published a report which alleged, *inter alia,* that Hut 8's merger with USBTC was premised on a number of

---

[1] This section is adapted from the complaints in the above-captioned actions.

alleged misstatements, including (1) that the USBTC had an "undisclosed related party" as one of its largest shareholders, (2) that one of USBTC's core assets, the King Mountain JV, "has historically failed to provide energy and high-speed internet," and (3) that the Company had misstated certain finances of the King Mountain JV by failing to account for certain interest expenses. Citing individuals "highly familiar" with USBTC, the report stated that, without the Merger, USBTC would have undergone bankruptcy and that USBTC had a value estimated to be 70% less than the approximately $745 million that Hut 8 paid to acquire it.

On this news, Hut 8's stock price fell $2.16, or 23.3%, to close at $7.12 per share on January 18, 2024, on unusually heavy trading volume.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Saeed and other class members have suffered significant losses and damages.

## III.   PROCEDURAL BACKGROUND

On February 7, 2024, Plaintiff Ryan Mayiras commenced a securities class action against Hut 8 and certain executives captioned *Mayiras v. Hut 8 Corp. et al*, Case No. 1:24-cv-00904-VM (the "*Mayiras* Action"). It was brought pursuant to the Exchange Act on behalf purchasers of Hut 8 securities between November 9, 2023 and January 18, 2024, inclusive.

On March 4, 2024, Plaintiff Mark Latino filed a related lawsuit captioned *Latino v. Hut 8 Corp., et al*, Case No. 1:23-cv-06266-LGS (the "*Latino* Action," and with the *Mayiras* Action, the "Related Actions").

3

IV.    **ARGUMENT**

A.    **The Related Actions Should Be Consolidated**

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present similar legal issues. Each action alleges violations of the Exchange Act, each presents similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Pipefitters Local No. 636 Defined Ben Plan v. Bank of America Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (Consolidation is appropriate "if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.").

B.    **Saeed Should Be Appointed Lead Plaintiff**

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

4

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Saeed satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Saeed has, to the best of her knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Saeed is not aware of any unique defenses Defendants could raise against her that would render her inadequate to represent the class. Accordingly, Saeed respectfully submits that she should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    Saeed Filed a Timely Motion

Saeed has made a timely motion in response to a PSLRA early notice. On February 7, 2024, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh ("Linkh Decl.") Ex. A. Therefore, Saeed had sixty days (*i.e.*, until April 8, 2024) to file a motion to be appointed as lead plaintiff. As a purchaser of Hut 8 securities during the Class Period, Saeed is a member of the proposed class and has hereby timely filed a motion for appointment as

5

lead plaintiff within sixty days of the notice, in compliance with the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in her PSLRA certification, Saeed attests that she has reviewed the complaint, and is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, Saeed satisfies the first requirement to serve as lead plaintiff for the class.

### 2. Saeed Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Saeed believes that she has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Saeed purchased Hut 8 securities during the Class Period, and as a result, suffered financial harm of approximately $51,102.00. *See* Linkh Decl., Ex. C. To the best of her knowledge, Saeed is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Saeed believes she has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Saeed Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d

6

Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08-cv-7281, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a)      Saeed's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Saeed's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Saeed alleges that Defendants' material misstatements and omissions concerning Hut 8's business, operations, and financial prospects violated the federal securities laws. Saeed, like all members of the class, purchased Hut 8 securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Saeed's interests and claims are "typical" of the interests and claims of the class.

### b)    Saeed Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Saeed has demonstrated her adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and her financial losses ensure that she has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. Saeed is also not aware of any conflict between her claims and those asserted on behalf of the class. As such, Saeed is adequate to represent the class and should be appointed as lead plaintiff.

### C.    The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 274. Here, Saeed has retained Glancy Prongay & Murray LLP to pursue this litigation on her behalf and will retain the firm as the class's lead counsel in the event she is appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit D. Thus, the Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

## V.    CONCLUSION

For the foregoing reasons, Alizay Saeed requests that the Court grant her Motion and enter an Order (1) consolidating the Related Actions; (2) appointing Saeed as Lead Plaintiff;

8

(3) approving her selection of Glancy Prongay & Murray LLP as Lead Counsel for the class; and

(4) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: April 8, 2024                     **GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Alizay Saeed and Proposed Lead
Counsel for the Class*

9

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On April 8, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 8, 2024, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh