# POMERANTZ LLP

September 11, 2024

**VIA EMAIL (mmaloney@gibsondunn.com) AND ECF**

Mary Beth Maloney, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193

      Re:    *In re Hut 8 Corp. Securities Litigation*, No. 1:24-cv-00904 (S.D.N.Y.)

Dear Counsel:

We write in response to Defendants' August 12, 2024 pre-motion letter (ECF No. 46) (the "Letter"). The CAC[1] adequately states claims for violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder, as well as Sections 11 and 15 of the Securities Act.[2] Defendants' arguments are unsupported by the law and contradicted by the facts alleged in the CAC, which are presumed to be true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## I.    Plaintiff Adequately Alleged Materially False or Misleading Statements

The CAC includes detailed allegations, supported by a confidential witness ("CW"),[3] that go well beyond what is alleged in the short seller report and support that Defendants failed to disclose material facts about: i) USBTC's distressed financial condition prior to the merger (¶¶61-85) and ii) the energy and internet issues plaguing the King Mountain JV (¶¶86-100).

Defendants misled investors to believe that: (i) USBTC would be able to meet its operating and capital requirements for the next 12 months, based on current cash on hand, proceeds from the sale of cryptocurrency, and ongoing operations, and (ii) USBTC would not continue to incur net losses. These statements include misrepresentations of present fact and "[i]t is well recognized that even when an allegedly false statement has both a forward looking aspect and an aspect that encompasses a representation of present fact, the safe harbor provision of the PSLRA does not apply." *In re Chi. Bridge & Iron Co. N.V. Sec. Litig.*, 2018 WL 2382600, at *8 (S.D.N.Y. May 24, 2018). Here, USBTC's current cash on hand, proceeds from the sale of cryptocurrency, and

---

[1] Unless otherwise stated herein, capitalized and abbreviated terms have the same meaning as used in the Letter, emphasis is added, and all internal quotation marks and citations are omitted.

[2] The heightened pleading standard does not apply to the Securities Act claims because they exclude all prior allegations of fraud, recklessness, or intentional misconduct with respect to those claims. ¶¶154, 168. Regardless, the CAC satisfies the heightened pleading standard.

[3] The CAC describes the CW with sufficient particularity. ¶¶81, 93-99, 129, 134, 137; *See also City of Roseville Emps.' Ret. Sys. v. EnergySolutions, Inc.*, 814 F. Supp. 2d 395, 420 (S.D.N.Y. 2011) (explaining CW's "roles, responsibilities, involvement with the subject matter of the relevant allegations, and . . . interaction with some . . . Defendants").

M. Maloney
September 11, 2024
Page 2

ongoing operations would have only sustained operations for about a third of the year, and its actual cash flows for January through June 20, 2023 undercut that it would not continue to incur net losses. ¶¶70-79.[4] Thus, the safe harbor does not apply.[5]

Citing to ¶92, Defendants incorrectly claim that Plaintiffs concede the King Mountain internet issues were disclosed, but ¶92 references only Defendants' warning of the "***risks of Internet disruptions.***" Further, generic risk disclosures and cautionary language do not shield Defendants from liability. First, the statements concerning USBTC's financial condition are not forward looking and "cautionary language cannot be used to cure . . . alleged misrepresentations of present . . . facts." *Alpha Cap. Anstalt v. New Generation Biofuels, Inc.*, 2014 WL 6466994, at *11 (S.D.N.Y. Nov. 18, 2014). Second, Defendants' disclosures concerning the energy and internet issues at the King Mountain JV were inadequate insofar as they failed to disclose that the risks had already materialized. *See Rombach v. Chang*, 355 F.3d 164, 173 (2d Cir. 2004) ("[C]autionary words about future risk cannot insulate from liability the failure to disclose that the risk has transpired."); *Panther Partners Inc. v. Jianpu Tech. Inc.*, 2020 WL 5757628, at *12 (S.D.N.Y. Sept. 27, 2020) (disclosures "framed as mere hypotheticals" inadequate because the risk had already materialized).

In addition, Plaintiff's claims based on violations of Regulation S-K are viable because they are based on specific misleading statements (¶¶102, 108) and consist of "half-truths," not "pure omission[s]." *Macquarie Infrastructure Corp. v. Moab Partners, L.P.*, 601 U.S. 257, 263 (2024). Defendants' arguments concerning (a) the statements in ¶¶87-88, and (b) scheme liability are moot because Plaintiff is not challenging those statements and Plaintiffs' 10(b) claim is based solely on misleading public statements, not deceptive acts, thus falling under Rule 10b-5(b).

## II. Plaintiff Adequately Alleged Scienter

The CAC includes detailed allegations supporting a strong inference that Defendants acted with conscious recklessness insofar as they "fail[ed] to review or check information that they had a duty to monitor," "ignored obvious signs of fraud," and/or "knew facts or had access to non-public information contradicting their public statements and therefore knew or should have known that they were misrepresenting material facts." *SEC v. SolarWinds Corp.*, 2024 WL 3461952, at *31 (S.D.N.Y. July 18, 2024). For example, the CW had daily discussions within senior management before the merger about the ongoing energy issues with the King Mountain JV; Genoot (who came from USBTC) complained about the efficiency of the King Mountain JV at general meetings; and less than two months after the merger closed, Leverton told employees that the merger saved

---

[4] Unlike in *Schiro v. Cemex, S.A.B. de C.V.*, 396 F. Supp. 3d 283, 299 (S.D.N.Y. 2019), Plaintiff does not allege that the financial statements give rise to their securities law claims. ¶¶69-79.

[5] Defendants' authority fails to support otherwise. *See In re Philip Morris Int'l Inc. Sec. Litig.*, 89 F.4th 408, 428 (2d Cir. 2023) (broad future projections not tied to current facts forward looking); *In re Bear Stearns Cos. Sec., Derivative, & ERISA Litig.*, 763 F. Supp. 2d 423, 493 (S.D.N.Y. 2011) (not forward-looking), *reconsideration granted on other grounds*, 2011 WL 4357166 (S.D.N.Y. Sept. 13, 2011); *Slayton v. Am. Express Co.*, 604 F.3d 758, 767 (2d Cir. 2010) (forward looking projection of losses on investments did not encompass present representation of fact).

M. Maloney
September 11, 2024
Page 3

USBTC from bankruptcy, later publicly denying it.¶¶80-85, 93-99, 123-40.[6] The CAC's allegations support that "defendants understood that their public statements were inaccurate," or "were highly unreasonable in failing to appreciate this possibility." *SolarWinds Corp.*, 2024 WL 3461952, at *31. Thus, Defendants' authority is inapposite. *See Sinay v. CNOOC Ltd.*, 554 F. App'x 40, 42 (2d Cir. 2014) (defendant "must have known"); *Francisco v. Abengoa, S.A.*, 624 F. Supp. 3d 365, 402 (S.D.N.Y. 2022) (relying on role during the fraud and resignation "under suspicious circumstances"); *In re Lottery.com, Inc. Sec. Litig.*, 2024 WL 454298, at *33 ("must have known" based on their positions).[7]

### III. Plaintiff Adequately Alleged Loss Causation

The facts that USBTC was on the brink of bankruptcy and the King Mountain JV had internet and energy issues were not public prior to the short seller report's publication. Defendants point to a single proof of claim against the former owner of the King Mountain JV mentioning issues with the site, which was buried among thousands of other bankruptcy claims. That is insufficient to put the market on notice of the true facts. Further, after USBTC acquired an interest in the King Mountain JV through the bankruptcy auction, it never mentioned any continuing energy and internet issues, instead touting the site's energy potential. ¶¶42-43, 89, 117; *see also In re Aurora Cannabis Inc. Sec. Litig.*, 2023 WL 5508831, at *6 (D.N.J. Aug. 24, 2023) (loss causation adequately pled where disclosures based on public filings provided new information). Thus, Defendants' authority (Letter at 3) is inapposite.[8]

### IV. Plaintiff Adequately Alleged Control Person Claims

The CAC adequately alleged primary violations. Defendants' argument for dismissal of the control person claims therefore fails.

---

[6] Unlike in *Local No. 38 IBEW Pension Fund v. Am. Express Co.*, 724 F. Supp. 2d 447, 460-61 (S.D.N.Y. 2010), where the CWs had no access to the data, here, the CW's responsibilities included analyzing and monitoring pertinent data and regularly engaging with senior management about such data. ¶¶93-99.

[7] Defendants also confusingly rely on *Glaser v. The9, Ltd.*, 772 F. Supp. 2d 573, 586 (S.D.N.Y. 2011) (reciting scienter pleading standard), and *Shiro v. Cemex, S.A.B. de C.V.*, 396 F. Supp. 3d 283, 299 (S.D.N.Y. 2019) (discussing viability of claims arising from statements concerning internal controls).

[8] *In re Omnicom Grp., Inc. Sec. Litig.*, 597 F.3d 501, 513 (2d Cir. 2010) (all publicly available); *Zhong Zang v. Pingtan Marine Enter. Ltd.*, 379 F. Supp. 3d 164, 177-78 (E.D.N.Y. 2019) (same); *Lea v. TAL Educ. Grp.*, 837 F. App'x 20, 28 (2d Cir. 2020) (information in report and filings in foreign language not readily accessible to public).

M. Maloney
September 11, 2024
Page 4

                              Very truly yours,

                              */s/ Murielle J. Steven Walsh*
                              Murielle J. Steven Walsh
                              Pomerantz LLP
                              600 Third Avenue, Floor 20
                              New York, NY 10016
                              Phone: 212-661-1100
                              Email: mjsteven@pomlaw.com

CC:    The Honorable Victor Marrero (via ECF)
          Monica K. Loseman, Esq. (via email and ECF)
          Kate Lee (via email and ECF)
          Raena Ferrer Calubaquib (via email)