UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE HUT 8 CORP. SECURITIES LITIGATION | Case No. 1:24-cv-00904-VM<br><br>CLASS ACTION |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

**DECLARATION OF JEREMY A. LIEBERMAN IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, Jeremy A. Lieberman, declare as follows:

1. I am the managing partner at the law firm of Pomerantz LLP ("Pomerantz" or "Lead Counsel"), court-appointed Lead Counsel for Lead Plaintiff Abhishek Maheshwari ("Plaintiff"). I am a member of the Bar of the State of New York, and I am admitted to practice before this Court.

2. I respectfully submit this declaration in further support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, which asks the Court to (i) preliminarily approve the proposed Settlement;[1] (ii) approve the proposed form and manner of notice to potential Settlement Class Members; (iii) certify the Class for settlement purposes; and (iv) schedule a date and time for the Settlement Hearing to consider final approval of the Settlement and related matters. I have personal knowledge of the statements herein and, if called upon as a witness, could and would competently testify thereto.

3. Since its appointment as Lead Counsel, Pomerantz has vigorously prosecuted this case under the oversight and for the benefit of Plaintiff and the Settlement Class. Pomerantz's

[1] Unless otherwise defined herein, all capitalized terms have the same meanings as set forth in the Stipulation, attached hereto as Exhibit 1.

efforts have included, among other things: (i) conducting a comprehensive investigation into Defendants' alleged misconduct, which included, *inter alia*, reviewing and analyzing regulatory filings, press releases, news reports and articles, call transcripts, analyst reports, and other publicly available information, as well as interviewing former employees of Hut 8 and its predecessors with the aid of a private investigator; (ii) filing an amended complaint; (iii) successfully defeating, in part, Defendants' motion to dismiss; (iv) meeting and conferring with Defendants about their original answer, which erroneously stated that Shenif Visram had been dismissed; (v) meeting and conferring with Defendants regarding traceability—specifically, the commingling of registered and unregistered shares—and their anticipated motion for judgment on the pleadings; (vi) conferring with a damages expert on estimated damages; (vii) updating Plaintiff about case developments, including settlement, (viii) exchanging opening and reply mediation briefs addressing the strengths and weaknesses of Plaintiff's claims; (ix) participating in a full-day, virtual mediation session; and (x) negotiating the proposed Settlement.

4. The Settlement was the result of arms'-length negotiations between the Parties, under the guidance of an experienced mediator, Jed D. Melnick, Esq. of JAMS. The Parties participated in a full-day, virtual mediation session on May 7, 2026. Before the mediation, the Parties exchanged opening and reply mediation statements that were accompanied by appendices of exhibits. The mediation session ended without the Parties reaching an agreement. However, following the mediation session, Mr. Melnick issued a mediator's proposal to resolve the action for $2,350,000, which the Parties accepted on May 13, 2026. Thereafter, the Parties memorialized their agreement in principle to settle the Action in a term sheet executed on May 27, 2026 and negotiated the terms of the Stipulation.

5. Annexed hereto as **Exhibit 1** is a true and correct copy of the Stipulation and Agreement of Settlement dated June 18, 2026 ("Stipulation"), as well as the following exhibits thereto:

a. **Exhibit A to the Stipulation**: [Proposed] Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement;

b. **Exhibit A-1 to the Stipulation**: Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Litigation Expenses ("Notice");

c. **Exhibit A-2 to the Stipulation**: Proof of Claim and Release ("Claim Form");

d. **Exhibit A-3 to the Stipulation**: Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Litigation Expenses ("Summary Notice");

e. **Exhibit A-4 to the Stipulation**: Postcard Notice; and

f. **Exhibit B to the Stipulation**: [Proposed] Final Order and Judgment.

6. The proposed Plan of Allocation, set forth in the Notice, was developed in consultation with Plaintiff's damages expert, Stanford Consulting Group, Inc.

7. Annexed hereto as **Exhibit 2** is a true and correct copy of the firm resume of Pomerantz.

8. As reflected in Exhibit 2, Pomerantz is a highly experienced securities class action firm that has recovered billions of dollars for its clients in some of the largest and most complex securities class actions. In this District and others, Pomerantz has recovered hundreds of millions of dollars for investors, including, *inter alia*, the fifth-largest securities class action

settlement achieved in the United States—a $2.95 billion settlement in a securities class action against Petroleo Brasileiro S.A. and other defendants (*In re Petrobras Sec. Litig.*, No. 14-cv-9662 (S.D.N.Y)); a $172.5 million settlement in a securities class action against Danaher Corporation (*Hawkins v. Danaher Corp.*, No. 23-cv-02055 (D.D.C.)); a $74 million settlement in a securities class action against Arconic (*Howard v. Arconic*, No. 17-cv-01057 (W.D. Pa.)); a $135 million recovery in a securities class action in an insider trading case against S.A.C. Capital Advisors LP (*Kaplan v. S.A.C. Cap. Advisors, LP*, No. 12-cv-9350 (S.D.N.Y.)); a $225 million settlement in a securities class action against Comverse Technology, Inc. (*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-cv-1825 (E.D.N.Y.)); and a $70 million settlement in a securities class action against Wynn Resorts Limited (*Ferris v. Wynn Resorts Ltd.*, No. 18-cv-00479 (D. Nev.)).

9. In connection with Plaintiff's Motion for Preliminary Approval of the Settlement, Pomerantz requests that the Court approve the retention of Strategic Claims Services ("SCS" or the "Claims Administrator") as the proposed Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

10. Based on Pomerantz's experience working with SCS, including a recent settlement of a similar size where SCS was appointed as claims administrator following a request for proposal process, Pomerantz identified SCS as a potential Claims Administrator and contacted SCS to solicit an estimate for administering the Settlement. Pomerantz then negotiated with SCS to obtain even more favorable rates on behalf of the Settlement Class. Based on Pomerantz's prior experience with SCS, Pomerantz believes SCS possesses the requisite experience and capacity to perform its duties reliably and competently at a reasonable cost. Accordingly, Pomerantz has selected SCS to serve as the Claims Administrator for this Settlement, subject to the Court's approval.

11. Attached hereto as **Exhibit 3** is a true and correct summary of SCS's qualifications.

12. Plaintiff's damages expert estimates that if Plaintiff *fully prevailed*, the total maximum damages available—following the Court's ruling on the motion to dismiss, which sustained only Plaintiff's claims under the Securities Act—would be approximately $12.08 million. Thus, the $2,350,000 Settlement represents a recovery of approximately 19.6% of the maximum recoverable damages.

13. Annexed hereto as **Exhibit 4** is a true and correct copy of Laarni T. Bulan & Eric Tam, Securities Class Action Settlements – 2025 Review and Analysis (Cornerstone Research 2026).

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct. Executed this 22nd day of June 2026 at New York, New York.

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman