USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___7/8/26____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE HUT 8 CORP. SECURITIES LITIGATION | Case No. 1:24-cv-00904-VM |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING
DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

**WHEREAS:**

A.      On June 18, 2026, Lead Plaintiff Abhishek Maheshwari ("Plaintiff"), on behalf of himself and all other members of the Settlement Class (defined below) and Defendants Hut 8 Corp. ("Hut 8") and Asher Genoot, Michael Ho, Jaime Leverton, and Shenif Visram (together, the "Individual Defendants," collectively with Hut 8, the "Defendants," and together with Plaintiff, the "Parties") entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and all Released Plaintiffs' Claims as against the Defendants and Released Defendant Parties on the merits and with prejudice (the "Settlement");

B.      The Court has reviewed and considered the Stipulation and the accompanying exhibits;

C.      The Parties to the Stipulation have consented to the entry of this order; and

1

D.    All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED, this 8th day of July, 2026, that**:

1.    The Court has reviewed the Stipulation, preliminarily approves the Settlement, and finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to finally approve the proposed Settlement as fair, reasonable, and adequate to the Settlement Class under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Hearing described below.

2.    Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of the Settlement only, the Settlement Class of: all persons and entities that purchased or otherwise acquired Hut 8 securities in the United States or on an exchange based in the United States between February 13, 2023 and January 18, 2024, inclusive, and who were allegedly damaged thereby. Excluded from the Settlement Class are Defendants, the officers and directors of Hut 8 at all relevant times, members of their Immediate Family and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are any persons or entities who or which timely and validly exclude themselves from the Settlement Class.

3.    Solely for the purposes of effectuating the proposed Settlement of this Action, the Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(a)     the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b)     there are questions of law and fact common to the Settlement Class Members;

(c)     the claims of Plaintiff are typical of the Settlement Class's claims;

(d)     Plaintiff and Lead Counsel have fairly and adequately represented and protected, and will fairly and adequately represent and protect, the interests of the Settlement Class;

(e)     the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f)     a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Plaintiff is preliminarily certified as Class Representative for the Settlement Class. The law firm of Pomerantz LLP is preliminarily appointed Class Counsel for the Settlement Class.

5.     The Court finds that (a) the Stipulation resulted from good faith, arms'-length negotiations overseen by an experienced mediator and (b) the Stipulation is sufficiently fair, reasonable, and adequate to the Settlement Class to warrant providing notice of the Settlement to Settlement Class Members and holding the Settlement Hearing.

6.     The Settlement Hearing, to be held before the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, is hereby scheduled, either in person or remotely at the Court's discretion, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York,

NY 10007, in Courtroom 15B, on November 6, 2026, at 11:00 p.m. [a date at least 100 days from entry of this order] for the following purposes:

(a)    to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be finally approved by the Court;

(b)    to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Plaintiffs' Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)    to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Plaintiff should be finally certified as Class Representative for the Settlement Class; and whether the law firm of Pomerantz LLP should be finally appointed as Class Counsel for the Settlement Class;

(d)    to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)    to consider Lead Counsel's application for an award of attorneys' fees and Litigation Expenses (which may include an application for an award to Plaintiff for reimbursement of his reasonable costs and expenses directly related to his representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f)    to rule upon such other matters as the Court may deem appropriate.

7.    The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class. The Court further reserves the right to enter the Judgment approving the Settlement and dismissing the Action on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees

and/or Litigation Expenses. The Court may also adjourn the Settlement Hearing, decide to hold the hearing remotely, or modify any of the dates herein without further individual notice to members of the Settlement Class. Any such changes shall be posted on the website for the Settlement.

8.     The Court approves the form, substance, and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Litigation Expenses (the "Notice"), the Proof of Claim and Release form ("Claim Form"), the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Litigation Expenses ("Summary Notice"), and the Postcard Notice, substantially in the forms annexed hereto as Exhibits 1, 2, 3, and 4, respectively, and finds that the mailing and distribution of the Postcard Notice and publishing of the Notice, Summary Notice, and Claim Form substantially in the manner and form set forth in this Order: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the Due Process Clause of the United States Constitution, and 15 U.S.C. § 77z-1(a)(7) and 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA.

9.     The Court approves the retention of and appoints Strategic Claims Services ("SCS") as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

10.    No later than thirty (30) calendar days following the later of (i) entry of this Preliminary Approval Order; and (ii) Lead Counsel providing Defendants' Counsel with all information necessary to effectuate the payment of the Settlement Amount (e.g., a W-9, wiring instructions, contact information for escrow agent to confirm wiring details, details if paying by check, completion of any verification forms reasonably required by the payors), Defendants shall pay or cause the payment of $2,350,000 in cash into an interest-bearing escrow account specified by Lead Counsel.

11.    At any time after entry of this Order, Lead Counsel may, without further approval from the Court or Defendants, disburse up to two hundred and fifty thousand U.S. dollars and zero cents ($250,000.00) from the Settlement Fund to pay reasonable and necessary Notice and Administration Costs prior to the Effective Date. After the Effective Date, additional amounts may be transferred from the Settlement Fund for Lead Counsel to pay additional reasonable and necessary Notice and Administration Costs actually incurred and paid or payable without further order of this Court. Unless otherwise provided, all fees, costs, and expenses incurred in identifying and notifying Settlement Class Members shall be paid from the Settlement Fund and in no event shall any of the Released Defendant Parties bear any responsibility, liability or obligation for such fees, costs, or expenses.

12.    Within five (5) business days of entry of this Order, Hut 8 will, at its own expense, provide or cause to be provided to Lead Counsel a list (consisting of names, mailing addresses, and email addresses, if available) in electronic format, such as Excel, of Hut 8's known, registered shareholders of record during the Settlement Class Period. Plaintiff and the Claims Administrator agree to maintain the list or lists provided pursuant to this Paragraph 12 in confidence and use it only for the purpose of administering the Settlement.

13.     Within thirty (30) calendar days after entry of this Preliminary Approval Order, the Claims Administrator shall cause the Postcard Notice, substantially in the form annexed hereto, to be mailed, by first-class mail, postage prepaid, to all Settlement Class Members who can be identified with reasonable effort (the "Notice Date").

14.     The Claims Administrator also shall cause the Stipulation and its exhibits, including the Preliminary Approval Order, the Notice, and Claim Form, to be posted on a website to be developed for the Settlement, from which the Notice and Claim Form can be downloaded, within thirty (30) calendar days after entry of this Preliminary Approval Order.

15.     The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as custodians, brokerage firms, and other Persons and entities that purchased or otherwise acquired Hut 8 securities during the Settlement Class Period for the benefit of another Person or entity. Such nominees shall, within seven (7) calendar days of receipt of the notice: (a) provide a list of the names, addresses, and email addresses (to the extent that email addresses are available) of all such beneficial owners to the Claims Administrator, and the Claims Administrator is ordered to promptly mail the Postcard Notice and/or email the link to the Notice and Claim Form to such  identified beneficial owners; (b) request from the Claims Administrator the link to the electronic Notice and Claim Form and, within seven (7) calendar days of receipt of the link, email it to all such beneficial owners; or (c) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and, within seven (7) calendar days of receipt of those Postcard Notices from the Claims Administrator, forward them to all such beneficial owners. Nominees who elect to send the Postcard Notice or the link to the Notice and Claim Form to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing and/or emailing was made as directed. Upon full

compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred in providing notice to beneficial owners up to a maximum of $0.02 per name, address, and email address provided to the Claims Administrator, up to $0.02 per Postcard Notice actually mailed plus postage at the pre-sort rate used by the Claims Administrator, or up to $0.02 per link to the electronic Notice and Claim Form transmitted by email, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court. Nominees are not authorized to print the Postcard Notice. Postcard Notices may only be printed by the Claims Administrator.

16.     Lead Counsel shall, at least seven (7) calendar days before the Settlement Hearing, file with the Court proof, by affidavit or declaration, of mailing of the Postcard Notice and/or emailing the links to the Notice and Claim Form.

17.     Lead Counsel shall cause the Summary Notice to be published in *PR Newswire* within fourteen (14) calendar days of the Notice Date. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

18.     In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Claimant shall take the following actions and be subject to the following conditions:

(a)     A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked no later than 120 days after the Notice Date. Such deadline may be further extended

by Court order or by Lead Counsel in its discretion. Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Any Settlement Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by Paragraph 21 of this order.

(b)      The Claim Form submitted by each Claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; (iii) if the Person executing the Claim Form is acting in a representative capacity, a certification of her current authority to act on behalf of the Claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury. Claimants bear the burden of establishing their right to a recovery from the Net Settlement Fund.

(c)      Once the Claims Administrator has considered a timely submitted Claim Form, it shall determine whether such Claim is valid, deficient, or rejected. For each Claim

determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the Claim was so determined. Any Person who timely submits a Claim Form that is deficient shall be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency if it appears that such deficiency may be cured. If any Claimant whose Claim has been rejected in whole or in part (either due to uncurable deficiency, a failure to cure a deficiency, or any other stated basis) wishes to contest such rejection, the Claimant must, within ten (10) calendar days after the date of mailing of the rejection or partial rejection notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

(d)     As part of the Claim Form, each Claimant shall submit to the jurisdiction of the Court with respect to the Claim submitted, and shall, upon the Effective Date, release all claims as provided in the Stipulation.

19.     All Settlement Class Members who do not submit valid and timely Claim Forms will be forever barred from receiving any payments from the Net Settlement Fund, except as otherwise ordered by the Court or allowed by Lead Counsel in their discretion, but will in all other respects be subject to and bound by the provisions of the Stipulation and Judgment, if entered, unless they validly exclude themselves from the Settlement Class.

20.     Any Settlement Class Member may enter an appearance in this Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If any Settlement Class Member does not enter an appearance, he, she, or it will be represented by Lead Counsel.

21.    Settlement Class Members shall be bound by all orders, determinations, and judgments in this Action, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Such request for exclusion must clearly: (a) indicate the name, address, telephone number, and e-mail contact information (if any) of the Person seeking exclusion, (b) state that the sender requests to be "excluded from the Settlement Class in "*In re Hut 8 Corp. Securities Litigation*, Case No. 1:24-cv-00904-VM (S.D.N.Y.)," and (c) state the number of shares of Hut 8 common stock the Person seeking exclusion (i) owned as of the opening of trading on February 13, 2023, (ii) received in exchange for U.S. Data Mining Group d/b/a US Bitcoin Corp. ("USBTC") capital stock in connection with the Merger, (iii) received in exchange for Hut 8 Mining Corp. ("Legacy Hut") securities in connection with the Merger, (iii) purchased, acquired, and/or sold during the Settlement Class Period, including the number of shares and prices for each transaction, and (iv) held as of the close of trading on January 14, 2024. To be valid, such request for exclusion must be submitted with documentary proof (i) of each purchase, acquisition, and, if applicable, sale of Hut 8 common stock during the Settlement Class Period, and (ii) demonstrating such Person's status as a beneficial owner of the Hut 8 common stock. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Lead Counsel may contact

11

any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

22.    The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to Lead Counsel as soon as possible and no later than the deadline for requesting exclusion or upon the receipt thereof (if later than the deadline for requesting exclusion). Lead Counsel shall promptly (and in any event no later than five (5) calendar days after receiving a request for exclusion or twenty-one (21) calendar days prior to the Settlement Hearing, whichever is earlier) provide Defendants' counsel with copies of such requests for exclusion, and any written revocations of requests for exclusion, by email.

23.    All Persons who submit a valid, timely, and unrevoked request for exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any Final Judgment. Unless otherwise ordered by the Court, any Class Member who does not submit a valid and timely written Request for Exclusion as provided by this paragraph shall be bound by the Stipulation.

24.    Any Settlement Class Member who does not request exclusion from the Settlement Class may object to the proposed Settlement, the proposed Plan of Allocation, or the Fee and Expense Application. Any objections must be signed by the objector and clearly and legibly (a) state the name, address, telephone number, and e-mail address (if any) of the objector; (b) state that the objector is objecting to the proposed Settlement, Plan of Allocation, or Fee and Expense Application in "*In re Hut 8 Corp. Securities Litigation*, Case No. 1:24-cv-00904-VM (S.D.N.Y.);" (c) state the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class,

and any legal and evidentiary support, and witnesses the Settlement Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove the objector's membership in the Settlement Class, including the number of shares of Hut 8 common stock that the objector purchased, acquired, or sold during the Settlement Class Period, as well as the date(s) and price(s) of each such purchase, acquisition, or sale. Objectors who are represented by counsel must also provide the name, address, and telephone number of all counsel, if any, who represent them, including their former or current counsel who may be entitled to compensation in connection with the objection; the number of times the objector and their counsel have filed an objection to a class action settlement in the last five years; the nature of each such objection in each case; and the name and docket number of each case.

25.     The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, or the Fee and Expense Application only if such Settlement Class Member has served on the following counsel, by hand or by mail, his, her, or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing:

**Lead Counsel**:
Jeremy A. Lieberman
Murielle J. Steven Walsh
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, NY 10016

**Counsel for Defendants**:
Lissa M. Percopo
GIBSON, DUNN & CRUTCHER LLP
1700 M Street N.W.
Washington, D.C. 20036-4504

and has filed, either by mail or in person, at least twenty-one (21) calendar days prior to the Settlement Hearing, said objections and supporting papers with the Clerk of the Court, United

States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.

26.     Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the Fee and Expense Application, unless otherwise ordered by the Court, and shall otherwise be bound by the Judgment to be entered and the releases to be given.

27.     Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection their intention to appear at the hearing. Further, Persons who intend to object to the Settlement, the Plan of Allocation, and/or the Fee and Expense Application and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

28.     Until otherwise ordered by the Court, the Court stays all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiff, each and every Settlement Class Member, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action or proceeding in any court or tribunal which asserts Released Plaintiffs' Claims against the Released Defendant Parties.

29.     All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's Fee and Expense Application shall be filed with the Court and served on or before thirty-five (35)

calendar days prior to the date set herein for the Settlement Hearing. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

30.     No Person who is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

31.     All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

32.     Neither Defendants, their counsel, nor any of the Released Defendant Parties shall have any responsibility for the Plan of Allocation nor any application for attorney's fees or Litigation Expenses submitted by Lead Counsel or Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or Litigation Expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Action.

33.     If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved or consummated for any reason whatsoever, or the Effective Date of the Settlement otherwise fails to occur, then both the Stipulation (as well as any amendments thereto), except as otherwise provided therein, this Preliminary Approval Order, and all proceedings had in connection therewith shall be null and void, of no further force or effect, and without prejudice to

any Party, and may not be introduced as evidence or used in any actions or proceedings by any Person or entity against the Parties for any purpose.  In any such event, the Parties shall not forfeit or waive any factual or legal defense or contention in the Action and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of May 27, 2026.

34.     This Order, the term sheet entered into by and between the Parties on May 27, 2026, the Stipulation (whether or not finally approved or consummated), in addition to the negotiations of these items and any proceedings taken pursuant to them, do not constitute and shall not be:

(a)     offered against or received against or to the prejudice of any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any allegation by Plaintiff or the Settlement Class,  or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including, but not limited to, the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault, or wrongdoing of any of the Released Defendant Parties or any Person or entity whatsoever, or of any infirmity in any of Defendants' defense;

(b)     offered or received against or to the prejudice of any of the Released Defendants Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Defendants Parties, or against or to the prejudice of Plaintiff, or any Settlement Class Member as evidence of any infirmity in the claims of Plaintiff or the Settlement Class Members;

(c)     offered or received against or to the prejudice of any of the Released Defendant Parties, Plaintiff, any Settlement Class Member, or their respective counsel, as evidence

of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Plaintiff, Settlement Class Members, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)     construed against any of the Released Defendant Parties, Plaintiff, or any Settlement Class Member, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)     construed as or received in evidence as an admission, concession, or presumption against Plaintiff or any Settlement Class Member that any of their claims are without merit or infirm or that damages recoverable in the Action would not have exceeded the Settlement Amount.

35.     The Parties' agreements entered during this Action relating to the confidentiality of information shall survive this Settlement.

36.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED this 8th day of July, 2026.
New York, New York

_____
HONORABLE VICTOR MARRERO
UNITED STATES DISTRICT JUDGE